1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMPACC LAW GROUP, PLLC
Steve Y. Cho (Bar No. 168576)
syc@ampacc.com
6100 219th St SW, Suite 580
Mountlake Terrace, Washington 98043
Telephone: (425) 348-3500
Facsimile: (425) 348-3299

*Attorney for Defendant*
*Luidia, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

|  |  |
|---|---|
| RONDEVOO TECHNOLOGIES, LLC, | Case No.: 3:18-cv-0877-JD |
| Plaintiff, | **LUIDIA INC.'S ANSWER TO PLIANTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND LUIDIA'S DEFENSES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| LUIDIA INC., |  |
| Defendant. |  |

## I.  <u>LUIDIA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND LUIDIA'S ASSERTION OF COUNTERCLAIMS</u>

Defendant Luidia Inc. ("Luidia") answers the Complaint of Rondevoo Technologies, LLC ("Rondevoo") as follows.

### <u>NATURE OF THE ACTION</u>

1.     Luidia admits that the Complaint alleges infringement against Luidia of one or more claims of United States Patent No. 6,633,282 ("the '282 Patent").

1

2

3
2.      Luidia admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 283-285.

4
## THE PARTIES

5

6

7

8
3.      Luidia admits that Rondevoo Technologies, LLC has asserted that it is a limited liability company organized under the laws of the State of California and has an office and principal place of business at 177 E. Colorado Blvd, Suite 200, Pasadena, CA 91101.

9

10

11
4.      Luidia admits that Luidia Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 2665 N. 1st St., Suite 212, San Jose, CA 95134.

12
## JURISDICTION AND VENUE

13

14
5.      Luidia admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15

16

17
6.      Luidia admits that this Court has personal jurisdiction over Luidia for purposes of this action and that Luidia has sales in the State of California.  Luidia denies the remaining allegations in paragraph 6.

18

19
7.      Luidia admits that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

20
## FACTUAL BACKGROUND

21
## THE '282 PATENT

22

23

24

25

26

27
8.      Luidia admits that the title of the '282 Patent is "Ballpoint pen type input device for computer," which bears an issuance date of October 14, 2003 by the United States Patent and Trademark Office ("USPTO"). Luidia also admits that what purports to be a copy of the '282 Patent was attached to Rondevoo's Complaint as Exhibit A.  Luidia is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 8, and therefore denies them.

28
LUIDIA INC.'S ANSWER TO PLIANTIFF'S COMPLAINT                    CASE NO.: 8:17-CV-02235
FOR PATENT INFRINGEMENT AND LUIDIA'S DEFENSES
AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL                                      2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.      Luidia admits that paragraph 9 reproduces the abstract of what is purported to be the '282 Patent attached as Exhibit A.  Paragraph 9 does not contain any allegation and therefore does not require a response.

10.     Luidia admits that paragraph 10 reproduces claim 1 of what is purported to be the '282 Patent attached as Exhibit A.  Paragraph 10 does not contain any further allegation and therefore does not require a response

11.     Luidia admits that paragraph 11 reproduces Figure 1 of what is purported to be the '282 Patent attached as Exhibit A.  Luidia is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 11, and therefore denies them.

## THE ACCUSED PRODUCTS

12.     Luidia admits that it markets a product identified as the "Equil Smartpen 2" and that the webpage identified in the Complaint as http://myequil.wpengine.com/smartpen2/ markets a product identified therein as "Equil Smartpen 2."  Luidia admits that what purports to be a description of a product purporting to be the "Equil Smartpen 2" is attached to the Complaint as Exhibit B.

13.     Luidia admits that the image reproduced in paragraph 13 is also found in Exhibit B, which purports to describe a product identified as "Equil Smartpen 2."  Luidia admits that the product identified as the "Equil Smartpen 2" is marketed with a product identified as "Equil Note."

## COUNT I: CLAIM FOR PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(b)

14.     Luidia hereby incorporates by reference the admissions and denials of paragraphs 1 through 13 above of this Answer as if fully set forth herein.

15.     Denied.

16.     Luidia denies that a claim chart comparing a claim of a patent identified in paragraph 16 of the Complaint as the '698 Patent with any product is

attached to the Complaint.  However, Luidia admits that a claim chart purporting to compare claim 1 of the '282 Patent attached as Exhibit A with a product identified therein as the "Equil Smartpen 2" is attached as Exhibit C.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

## PRAYER FOR RELIEF

Luidia hereby incorporates by references the admissions and denials of paragraphs 1 through 17 above of this Answer as if fully set forth therein.

A.    Denied.

B.    Denied.

C.    Denied.

D.    Denied.

E.    Denied.

F.    Denied.

G.    Denied.

H.    Denied.

## II.    AFFIRMATIVE DEFENSES

22.    By alleging the Affirmative Defenses set forth below, Luidia does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  For its Affirmative Defenses to the Complaint, Luidia alleges as follows.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

23.     Luidia has not infringed, and does not currently infringe, the '282 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

### SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

24.     The claims of the '282 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

### (No Willful Infringement)

25.     Plaintiff's claims for enhanced damages and an award of fees and costs against Luidia have no basis in fact or law and should be denied.

### FOURTH AFFIRMATIVE DEFENSE

### (No Damage)

26.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Luidia in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### FIFTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

27.     Plaintiff's claim for injunctive relieve is barred because Plaintiff cannot show that it will suffer any irreparable harm from Luidia's actions.

### SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

28.     The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Exceptional Case)

29. This case against Rondevoo is exceptional under 35 U.S.C. § 285.

## ADDITIONAL DEFENSES

30.    Luidia reserves the right to assert additional defenses based on information learned or obtained during discovery.

## DEMAND FOR JURY TRIAL

31.    Luidia hereby demands a jury trial on all issues.

## COUNTERCLAIMS

## NATURE OF ACTION

1.    This is an action for declaratory judgment of noninfringement and invalidity of the '282 Patent.

## PARTIES

2.    Counterclaimant Luidia is a limited liability company organized and existing under the laws of State of Delaware with its principal place of business at 2665 N. 1st St., Suite 212, San Jose, CA 95134.

3.    Luidia is informed and believes and thereon alleges that Counterclaim Defendant Rondevoo Technologies, LLC (hereinafter "Rondevoo" or "Counterclaim Defendant") is a limited liability company organized under the laws of the State of California and having an office and principal place of business at 177 E. Colorado Blvd, Suite 200, Pasadena, CA 91101.

1

## JURISDICTION AND VENUE

2

4.      Subject to Luidia's denials and defenses as alleged in its Answer to the

3

Complaint, Luidia alleges that this Court has jurisdiction over the subject matter of

4

these counterclaims under, *inter alia*, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and

5

6

2201.

7

5.      This Court has personal jurisdiction over Counterclaim Defendant

8

Rondevoo because, among other things, they submitted to this Court's jurisdiction

9

by filing their Complaint in this Court.

10

11

6.      Venue is proper in this District because, among other things, Rondevoo

12

consented to venue in this District by filing their Complaint in this District.

13

14

15

## FACTUAL BACKGROUND

16

7.      In its Complaint, Counterclaim Defendants Rondevoo asserted that

17

Luidia has infringed the '282 Patent.

18

19

8.      Luidia denies that it infringes, directly or indirectly, any valid and

20

enforceable claim of the '282 Patent.  An actual case and controversy exists between

21

the parties regarding whether the '282 Patent is infringed by Luidia and whether the

22

23

'282 Patent is valid.

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I

### Declaratory Judgment of Noninfringement

9.   Luidia incorporates by reference Paragraphs 1 through 8 above as though fully set forth herein.

10.   Rondevoo claims to be the owner and assignee of all rights, title, and interest in and to the '282 Patent.

11.   Rondevoo has accused Counterclaim Plaintiff Luidia of infringing the '282 Patent.

12.   Luidia has not infringed, and does not infringe, directly or indirectly, any valid and enforceable claim of the '282 Patent.

13.   An actual case or controversy exists between the parties as to whether the '282 Patent was or is infringed by Luidia.

14.   A judicial declaration is necessary and appropriate so that Luidia may ascertain its rights regarding the '282 Patent.

## COUNT II

### Declaratory Judgment of Invalidity

15.   Luidia incorporates by reference Paragraphs 1 through 15 above as though fully set forth herein.

16.   Rondevoo contends that the '282 Patent is valid.

17.    The '282 Patent is invalid because, *inter alia*, it fail to meet the conditions for patentability of 35 U.S.C. §§ 101, 102, 103 and/or 112 because the alleged inventions thereof lack utility; are taught by, suggested by, and/or obvious in view of the prior art; and/or are not adequately supported by the written description of their respective specifications, and no claim of the '282 Patent can be properly construed to cover any of Luidia's products.

18.    An actual case or controversy exists between the parties as to the validity of the '282 Patent.

19.    A judicial declaration is necessary and appropriate so that Luidia may ascertain its rights regarding the '282 Patent.

## PRAYER FOR RELIEF

WHEREFORE, having responded to Rondevoo's Complaint and asserted its counterclaims against Rondevoo, Luidia prays for judgment as follows:

(1)    That judgment be entered in favor of Luidia and against Rondevoo on each of Rondevoo's claims in its Complaint;

(2)    That judgment be entered in favor of Luidia and against Rondevoo on each of Rondevoo's claims in its Complaint

(3)    That judgment be entered in favor of Luidia and against Rondevoo on each of Luidia's counterclaims;

(4)    A declaration that Luidia has not infringed, contributed to the

infringement of, or induced others to infringe, either directly or indirectly, any valid

and enforceable claim of the '282 Patent;

(5)    A declaration that the '282 Patent is invalid;

(6)    A declaration that this case is exceptional and awarding Luidia its

reasonable attorneys' fees and costs in this action under 35 U.S.C. § 285; and

(7)    Such other and further relief as the Court deems just and proper.

DATED:    May 15,  2018              AMPACC LAW GROUP, PLLC

                                         By    /s/ Steve Y. Cho
                                            Steve Y. Cho (Bar No. 168576)
                                            AMPACC Law Group, PLLC
                                            6100 219th St SW, Suite 580
                                            Mountlake Terrace, Washington 98043
                                            TEL:  425-348-3500
                                            FAX: 425-348-3299

                                            *Attorney for Defendant*
                                            *Luidia, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 15, 2018, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, using the Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

DATED:     May 15, 2018

By     /s/ Steve Y. Cho
Steve Y. Cho (Bar No. 168576)
AMPACC Law Group, PLLC
6100 219th St SW, Suite 580
Mountlake Terrace, Washington 98043
TEL:  425-348-3500
FAX: 425-348-3299

*Attorney for Defendant*
*Luidia, Inc.*